NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CM 20-413


SARAPHINE GREEN

VERSUS

BREAUX BRIDGE VENTURES, L.L.C.
D/B/A SILVER'S TRAVEL CENTER AND CASINO, ET AL.



**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 84908
HONORABLE VINCENT JOSEPH BORNE, DISTRICT JUDGE

**********

JOHN E. CONERY

JUDGE

**********

Court composed of John E. Conery, D. Kent Savoie, and Van H. Kyzar, Judges.


MOTION TO DIMISS APPEAL AND ALTERNATIVE
MOTION TO COMPEL DENIED.

Matthew L. Mann
Adrienne Rachel
Ashleigh N. Mazerac
Shelby L. Dunbar
Porteous, Hainkel & Johnson, L.L.P
301 St. Charles Street
Baton Rouge, Louisiana 70802
(225) 383-8900
COUNSEL FOR DEFENDANTS/APPELLEES:
      Breaux Bridge Ventures, L.L.C. d/b/a Casino
       Silver's Travel Center
      HDI Global Insurance Company

Charles Brandt
Kyle Sherman
Brandt & Sherman
111 Mercury Street
Lafayette, Louisiana 70503
(337) 237-7171
COUNSEL FOR PLAINTIFF/APPELLANT:
      Saraphine Green

**CONERY, Judge.**

Defendants-Appellees, Breaux Bridge Ventures, L.L.C. d/b/a Silver's Travel Center and Casino (Breaux Bridge Ventures) and HDI Global Insurance Company, move to dismiss the unlodged appeal of the Plaintiff-Appellant, Saraphine Green, or to alternatively compel the transcription of the entire trial record at Plaintiff's costs. For the reasons given herein, we deny the motion to dismiss the appeal and alternative motion to compel.

The case involves a slip and fall accident in which Plaintiff was involved on July 6, 2016, on premises owned by Defendant, Breaux Bridge Ventures. As a result of the accident, Plaintiff filed a personal injury lawsuit against Breaux Bridge Ventures and its liability insurer, HDI Global Insurance Company, on February 1, 2017. The case was tried before a jury from March 25 to 28, 2019, and the jury rendered a verdict in Defendants' favor based on its finding that Plaintiff had failed to prove that the condition of the floor where her fall occurred presented a foreseeable and unreasonable risk of harm. The trial court signed a final judgment on April 22, 2019, and the notice of judgment was mailed on April 25, 2019.

On June 24, 2019, Plaintiff filed a motion for devolutive appeal, and the notice of the filing of appeal was issued on August 7, 2019. However, Defendants contend that the trial court was unable to prepare the trial record by the original deadline of September 24, 2019, due to the unavailability of a court reporter. Defendants note that Plaintiff requested and obtained from the St. Martin Parish Clerk of Court's Office an extension which permitted the appeal record to be lodged by the new deadline of October 24, 2019. However, Defendants contend that the record was not lodged by October 24, 2019. Defendants further contend that although Plaintiff sent a correspondence dated October 25, 2019, to the St. Martin Parish Clerk of Court's Office requesting a second extension of time for lodging the appeal, Defendants have not received any notice of a second extension of time to lodge the appeal.

Defendants cite La.Code Civ.P. art. 2128, which provides that the appellant may designate portions of the trial record to be the appeal record and that when an appellant fails to make such a designation, the appeal record will be the transcript of the entire trial court proceedings. In the instant case, Defendants argue that because the appeal record has not been lodged for more than a year after the notice of appeal was filed and almost eight months after the record was due to be lodged, Plaintiff has neglected her duties to designate the record, secure the trial transcript, and take steps to lodge the appeal record. Therefore, Defendants assert that this court should dismiss Plaintiff's unlodged appeal. Alternatively, Defendants seek to have this court compel Plaintiff to have the entire trial record transcribed at Plaintiff's cost.

In her opposition to Defendants' motion to dismiss and alternative motion to compel, Plaintiff contends that the trial record is currently being prepared by a court reporter. Plaintiff contends that on August 6, 2020, which was two days after the instant motion to dismiss was filed, the parties had a status conference with the trial judge. Plaintiff also contends that at that status conference, it was revealed that the court reporter who took the trial transcript had retired shortly after the trial due to her having suffered a stroke. Plaintiff maintains that the completing of the transcript was then turned over to another court reporter who only worked on it for one day before turning it over to Cindi Dore, the court reporter who is currently working on the transcript. Plaintiff asserts that the trial judge advised the parties' attorneys that the transcript had "fallen through the cracks" but that Ms. Dore had assured him that she would have the transcript completed by August 14, 2020. Plaintiff argues that her appeal should not be dismissed because she feels that she will be successful in having the jury's verdict overturned.

Inasmuch as the delay in the lodging the appeal record has been caused by a former court reporter's health issues as well as other issues beyond Plaintiff's control, we find that a dismissal of Plaintiff's appeal would not serve the interest of justice.

Also, in light of the current court reporter's assurances that the trial record is presently being prepared, with an expected completion date of August 14, 2020, we find that the granting of Defendants' motion to compel is not warranted at this time. For these reasons, we hereby deny Defendants' motion to dismiss the appeal and alternative motion to compel.

**MOTION TO DIMISS APPEAL AND ALTERNATIVE MOTION TO COMPEL DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.